CHAPIN FITZGERALD LLP
  Kenneth M. Fitzgerald, Esq. (SBN: 142505)
  kfitzgerald@cftriallawyers.com
  Curtis G. Carll, Esq. (SBN: 248470)
  ccarll@cftriallawyers.com
550 West "C" Street, Suite 2000
San Diego, California  92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318

Attorneys for Plaintiff
Sophia & Chloe, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sophia & Chloe, Inc.,** *a California corporation,* <br><br> Plaintiff, <br><br> v. <br><br> **Jane Envy, LLC,** *a Texas limited liability company;* <br><br> **Running Wild Wholesale, LLC,** *a Louisiana limited liability company;* <br><br> Defendants. | Case No.:   **'14CV0062 H    BLM** <br><br> **Complaint for** <br><br> **1. Copyright Infringement under 17 U.S.C. §§ 501 et seq.** <br><br> **2. Trade Dress Infringement under 15 U.S.C. § 1125(b)** <br><br> **3. Unfair Competition Under California Common Law** <br><br> **4. Unfair Competition Under Cal. Business & Professions Code §§ 17200 et seq. & 17500 et seq.** <br><br> **Jury Trial Demanded** |

1    Comes now the Plaintiff, Sophia & Chloe, Inc., which for its Complaint against
2    defendants, alleges as follows:

3    ### Parties

4    1.    Plaintiff Sophia & Chloe, Inc. ("Sophia & Chloe" or "plaintiff") is a
5    corporation, organized and existing under California laws, with its principal place of
6    business in San Diego, California.  Sophia & Chloe is a high-end jewelry designer,
7    created and operated by Nathalie Sherman.

8    2.    Defendant Jane Envy, LLC ("Jane Envy") is a limited liability corporation,
9    organized and existing under Texas laws, with its principal place of business in San
10   Antonio, Texas.  Jane Envy is a wholesale jewelry manufacturer and distributer.  Jane
11   Envy sells its goods through an interactive website that it operates and through exhibits
12   at jewelry trade shows.

13   3.    Defendant Running Wild Wholesale, LLC ("Running Wild" or "defendant")
14   is a limited liability company, organized and existing under Louisiana law, with its
15   principal place of business in Ruston, Louisiana.  Running Wild is a wholesale jewelry
16   distributor.  Running Wild sells its goods through an interactive website that it operates
17   and through exhibits at jewelry trade shows.

18   ### Jurisdiction and Venue

19   4.    The Court has subject matter jurisdiction over plaintiff's claims under 15
20   U.S.C. § 1121(a) and 28 U.S.C. § 1338, in that plaintiff's first claim for relief arises
21   under the Copyright Act, 17 U.S.C. §§ 501 et seq., a law of the United States, and
22   plaintiff's second claim for relief arises under the Lanham Act, 15 U.S.C. §§ 1051 et
23   seq.  Claims three and four are substantially related claims arising from the same set of
24   operative facts as the federal claims, thereby giving this Court supplemental jurisdiction
25   over these California claims under 28 U.S.C. §§ 1338(d) and 1367(a).

26   5.    This Court has personal jurisdiction over defendants because defendants
27   conduct business in California via interactive websites and therefore transact, solicit, and
28   do business in this District; operate interactive websites on which customers in the

Complaint for Copyright Infringement
*Sophia & Chloe v. Jane Envy, et al.*

Southern District of California can view and directly purchase its products; and because a substantial part of the relevant events occurred in this District.

6.      Venue in the Southern District of California is proper under 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; defendant conducts substantial business in this district; and defendant is subject to personal jurisdiction in this district.

<strong>Facts</strong>

**Sophia & Chloe is the Designer of High-end, Innovative Jewelry.**

7.      Sophia & Chloe designs, distributes, and sells original and distinctive jewelry and accessories for women.  The company was created by Nathalie Sherman, who was born in Marrakesh, Morocco.  She started designing jewelry in 1996, after the birth of her daughter Sophia.  In 1999, when her second daughter was born, she re-named her line of designs, originally eponymous, "Sophia & Chloe."

8.      Completely self-taught, Ms. Sherman turned her passion and talent for design into a thriving business.  Her work has evolved from dainty, fashion-oriented collections to bolder, more complex and evocative jewelry designs.  Unchanged are her uncompromising quality standards and the decidedly feminine and exotic aesthetic she brings to each design.  After seventeen years of investing her time, skills, and resources into her jewelry designs, it is easy to spot her distinctive hand in each piece.

9.      Ms. Sherman's Sophia & Chloe designs are heavily influenced by her heritage and home.  Byzantine, Moroccan motifs are evident in her work, as is the casual easy feel of her beloved coastal San Diego where she lives with her family.

**Sophia & Chloe Creates and Copyrights Unique Designs.**

10.     Sophia & Chloe creates, distributes, and sells unique and original collections of jewelry, including collections called Kiss, Buddha's Kiss, and French Kiss (together, "the Kiss collections"), all of which are copyrighted.  The copyright registrations of these designs, with accompanying artwork, are attached and incorporated into this Complaint as Exhibit A.

11.    Sophia & Chloe's casted division is based on Ms. Sherman's intention to create a substantial body of symbolic designs. With this goal in mind, Ms. Sherman studied symbols, particularly ones that are culturally evocative and aesthetically pleasing, and which would allow her to embed symbolism in each of her pieces.

12.    Ms. Sherman turned to her own Moroccan heritage in this endeavor. Moroccan Henna tattoos, often applied at ceremonial events such as weddings and other celebrations, were of particular interest to her.  In searching for the meaning of different arabesques incorporated within tattoos, she found this shape, a bracket— { — referred to as a "kiss" by henna tattoo artists.  Ms. Sherman saw that the shape is also a "brace," which means essentially "to belong together."  This symbolic arabesque shape is the basis of her original and independently created Kiss collections.  Examples of Sophia & Chloe's Kiss designs are pictured below:



13.    Every one of Sophia & Chloe's casted pieces includes a symbol artfully embedded within it.  These symbolic collections, and most notably the Kiss collection, are what Sophia & Chloe, Inc. is most closely associated with by its clients and collectors.  Plaintiff's Kiss designs are included in each of Sophia & Chloe's best-selling and most important collections, including: "Signs of a Good Life" and "Oh So Charming."  On its website and in its marketing, Sophia & Chloe describes the symbolic meaning of the Kiss designs, and the connection between the Kiss designs and the Moroccan heritage and life experience of Ms. Sherman.  Sophia & Chloe's website includes no less than 71 separate and distinct offerings from its Kiss collection.  Sophia & Chloe, particularly with its Kiss collections, has featured a distinctive trade dress

Complaint for Copyright Infringement
*Sophia & Chloe v. Jane Envy, et al.*

1  which includes the bracket (or "kiss") shape, connected at a specific angular orientation;

2  pieces of specific size and scale; dangling stones or crystals; embedded and secret

3  symbolic elements; smaller Kiss designs surrounded by larger ones; and feminine

4  accents.

5      14.   Consumers have come to associate this trade dress with Sophia & Chloe.

6  Sophia & Chloe's website features the bracket or "kiss" design across the top of its page

7  (*see* Exhibit B).  The Kiss collections are featured prominently and significantly in

8  Sophia & Chloe's social media presence: for example, its Pinterest page features the

9  French Kiss necklace as its avatar; its Twitter page features the Kiss design as its

10 background wallpaper and the Kiss collections are frequent subjects of Twitter updates;

11 and the Kiss collection is featured regularly and prominently on Sophia & Chloe's

12 Facebook fan page.  Sophia & Chloe's Kiss line has also been featured prominently in

13 local and national magazines and television from 2007 to the present.

14     15.   Sophia & Chloe has publicly advertised this line of jewelry since Spring 2007,

15 with its first sale in May 2007.

16     16.   Sophia & Chloe is the exclusive owner (having received an assignment of

17 copyright from Ms. Sherman) of the following jewelry designs (collectively "the

18 Copyrighted Designs"), which have been registered with the Copyright Office as

19 original works as reflected in Exhibit A:

20          a.  Kiss Earrings with Mermaid Quartz, VA 1-700-833, February 22, 2010;

21          b.  Kiss Earrings with Rose Quartz, VA 1-703-158, February 22, 2010;

22          c.  Kiss Necklace with Mermaid Quartz, VA 1-703-177, February 22, 2010;

23          d.  Kiss Earrings with Garnet, VA 1-703-183, February 23, 2010;

24          e.  Kiss Earrings, VA 1-700-838, February 23, 2010;

25          f.  Kiss Necklace, VA 1-700-840, February 23, 2010;

26          g.  Small Kiss Earrings, VA 1-703-185, February 23, 2010;

27          h.  Small Kiss Necklace, VA 1-703-191, February 23, 2010;

28          i.  Small Kiss Earrings, VA 1-703-200, February 23, 2010;

1    j.    Kiss Necklace in Citrine, VA 1-703-188, February 23, 2010;

2    17.    Each of the copyright registrations listed above and included in Exhibit A are

3    valid and subsisting, and are incorporated into Sophia & Chloe's Kiss collections.

4    18.    Each piece of jewelry embodying the Copyrighted Designs has carried the

5    copyright notice "Sophia & Chloe ©" stamped into the backside of the piece since its

6    first publication.  The website that hosts the jewelry has the copyright symbol. The line

7    sheet / catalogue and all marketing materials also include copyright notices.

8    **Defendants Infringe on Sophia & Chloe's Copyrighted Designs and Trade Dress.**

9    19.    Sophia & Chloe is informed and believes, and thereon alleges, that Jane Envy,

10   having recognized the consumer awareness and goodwill associated with Sophia &

11   Chloe's Copyrighted Designs, set about to unlawfully and intentionally usurp that

12   goodwill for itself.  In furtherance of this unlawful scheme to knock off Sophia &

13   Chloe's designs, Jane Envy has advertised and sold, without the permission of plaintiff,

14   copies of Sophia & Chloe jewelry that use Sophia & Chloe's Copyrighted Designs (the

15   "Infringing Products").

16   20.    Sophia & Chloe is informed and believes, and thereon alleges, that Jane Envy

17   has supplied Infringing Products to jewelry sellers, including defendant Running Wild,

18   which then sold the Infringing Products.  Examples of advertisements for the Infringing

19   Products are attached as Exhibit C.

20   21.    An example of the Infringing Product that, on information and belief, was

21   supplied by Jane Envy is pictured on the left below, next to Sophia & Chloe's original

22   copyrighted design:

23
24   
25
26
27
28

Complaint for Copyright Infringement
*Sophia & Chloe v. Jane Envy, et al.*

22.   Sophia & Chloe notified defendants that each was infringing Sophia & Chloe's Copyrighted Designs and demanded that they cease and desist advertising and sale of their Infringing Products.  In addition, Sophia & Chloe demanded that the defendants identify their suppliers of the Infringing Products, and produce accounting and sales records sufficient to quantify their sales thereof.

23.   Through its attorneys, defendant Jane Envy disputed the merit of Sophia & Chloe's claims, and offered to "cease any and all efforts to market, sell or promote the earrings" identified as infringing Sophia & Chloe's copyrights, and to discontinue any promotion or marketing efforts for the Infringing Products, and to destroy any "earrings in Jane Envy's possession," if Sophia & Chloe agreed not to pursue legal action against Jane Envy.  Otherwise, Jane Envy failed and refused to comply with the demands of Sophia & Chloe, leaving Sophia & Chloe unable to determine the source of the Infringing Products, unable to determine the extent to which the Infringing Products were distributed or might still exist, and leaving Sophia & Chloe uncompensated for the unlawful profit generated by Jane Envy for its sales of the Infringing Products.

24.   Through the same lawyers representing Jane Envy, defendant Running Wild offered to "cease any and all efforts to market, sell or promote the earrings" identified as infringing Sophia & Chloe's copyrights, and to discontinue any promotion or marketing efforts for the Infringing Products, and to destroy any "earrings in Running Wild's possession," if Sophia & Chloe agreed not to pursue legal action against Running Wild. Otherwise, Running Wild failed and refused to comply with the demands of Sophia & Chloe, leaving Sophia & Chloe unable to determine the source of the Infringing Products, unable to determine the extent to which the Infringing Products were distributed or might still exist, and leaving Sophia & Chloe uncompensated for the unlawful profit generated by Running Wild for its sales of the Infringing Products.

25.   Sophia & Chloe is informed and believes, and thereon alleges, that Jane Envy designed, manufactured, imported, marketed and/or sold the Infringing Products with the intent to infringe upon Sophia & Chloe's Copyrighted Designs.

26.   Defendants' Infringing Products are inferior in quality to Sophia & Chloe's products.  As a result, defendants' marketing, sale, and distribution of the Infringing Products have damaged and will continue to damage Sophia & Chloe's reputation and goodwill.  Defendants' acts have caused and will continue to cause irreparable harm and injury to Sophia & Chloe for which it has no adequate remedy at law.

### First Claim for Relief
### (Copyright Infringement)

27.   Plaintiff hereby incorporates paragraphs 1 through 26 above, each as though fully set forth herein.

28.   Plaintiff has a valid right, title, and interest in the Copyrighted Designs, which each constitute copyrighted and protected artistic expression fixed in a tangible medium.  Such copyrights confer upon plaintiff the exclusive rights and privileges in and to the copyrights in the Copyrighted Designs.

29.   Defendants have infringed on the copyrights in the Copyrighted Designs, by obtaining, advertising, and selling unauthorized copies of same without consent by plaintiff.

30.   Defendants have engaged in the conduct described above, and may continue to engage in the conduct described above in willful disregard of plaintiff's rights under 17 U.S.C. §§ 501 et seq.

31.   By reason of defendants' actions, plaintiff has suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenue in an amount not yet ascertained.

32.   Plaintiff is informed and believes, and thereon alleges, that defendants willfully infringed on plaintiff's Copyrighted Designs by knowingly engaging in acts that infringed on plaintiff's copyrights after plaintiff registered and received copyright protection over the Copyrighted Designs.  Therefore, under 17 U.S.C. §§ 504, 505, plaintiff is entitled to statutory damages in the amount of up to $150,000 for each work infringed and for its costs and attorneys fees in bringing this action.

33.    Defendants' acts have caused plaintiff irreparable injury, and unless restrained and enjoined, will continue to cause irreparable injury.  Ascertainment of actual damages which would afford plaintiff adequate relief for such acts would be difficult, such that plaintiff's remedy at law is not adequate to compensate it for injuries inflicted and threatened by defendant.

## Second Claim for Relief
### (Trade Dress Infringement)

34.    Plaintiff hereby incorporates paragraphs 1 through 33 above, each as though fully set forth herein.

35.    These symbolic collections, and most notably the Kiss collection, are what Sophia & Chloe, Inc. is most closely associated with by its clients and collectors. Sophia & Chloe, particularly with its Kiss collections, has a distinctive trade dress which is described in paragraph 13 above.

36.    Plaintiff's trade dress has acquired secondary meaning.  Sophia & Chloe's Kiss collections are recognized by dealers and consumers on-sight as distinctively Sophia & Chloe's.

37.    Defendants currently market and sell Infringing Products that incorporate plaintiff's trade dress.

38.    Defendants are not now, and never have been, authorized by plaintiff to use plaintiff's trade dress or any confusingly similar trade dress.

39.    Defendants' marketing and sale of copies of Sophia & Chloe's Kiss collections of jewelry is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of defendant's goods.

40.    Plaintiff is informed and believes, and thereon alleges, that as a proximate result of the unfair advantage accruing to defendants' business from deceptively trading on plaintiff's advertising, sales, and consumer recognition, defendants have made substantial sales and profits in amounts to be ascertained.  Based on the same acts, plaintiff has been damaged and deprived of substantial sales of products in its Kiss

Complaint for Copyright Infringement
*Sophia & Chloe v. Jane Envy, et al.*

collections and has been deprived of the value of its trade dress as a commercial asset, in amounts to be ascertained.

41.   Plaintiff is informed and believes, and thereon alleges, that, unless restrained by the Court, defendants will continue to infringe on plaintiff's trade dress, and that monetary damages will not grant plaintiff adequate relief for the damage to its trade dress.  Further, plaintiff is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source or origin of defendants' goods.

42.   Plaintiff is informed and believes, and thereon alleges, that defendants' acts were committed, and continue to be committed, with actual notice of plaintiff's exclusive rights and with an intent to cause confusion or mistake, or to deceive, and to cause injury to the reputation and goodwill associated with Sophia & Chloe and its products.  Plaintiff is entitled to three times its actual damages or three times defendant's profits, whichever is greater, as well as plaintiff's attorney's fees, and the destruction of all infringing products and promotional materials.

### Third Claim for Relief
### (Unfair Competition Under California Common Law)

43.   Plaintiff hereby incorporates paragraphs 1 through 42 above, each as though fully set forth herein.

44.   Plaintiff has invested substantial time, skill, and money in developing its Copyrighted Designs and trade dress, and plaintiff's trade dress has acquired a secondary meaning.

45.   Defendants have copied plaintiff's trade dress in its products.

46.   Plaintiff and defendants are business competitors as each is engaged in the sale of jewelry.

47.   Because plaintiff's Kiss earring and defendants' Infringing Products are identical, the public is likely to identify defendants' products as those of plaintiff, or to conclude that plaintiff has some connection with the production of defendant's

products.

48.   Defendants' conduct is unfair and unlawful.

49.   Defendants' acts have caused plaintiff to lose profits and caused damage to plaintiff's reputation and goodwill.  The amount of damages is currently unknown but will be established according to proof.

50.   Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of defendants' wrongful conduct, defendant has gained revenue and profits.

51.   Plaintiff is informed and believes, and thereon alleges, that defendant has committed the foregoing acts with the intent to deprive plaintiff of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of plaintiff's rights. Plaintiff is entitled to an award of exemplary damages, according to proof.

## Fourth Claim for Relief
### (Unfair Competition under California Bus. & Prof. Code § 17200 et seq.)

52.   Plaintiff hereby incorporates paragraphs 1 through 51 above, each as though fully set forth herein.

53.   Defendants' conduct constitutes unfair, unlawful, and fraudulent business practices prohibited by California Business & Professions Code §§ 17200 et seq. and 17500 et seq.

54.   Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of defendants' wrongful conduct, defendants have gained revenue and property that properly belongs to plaintiff.  Plaintiff seeks restitution of these amounts.

## Prayer for Relief

Based on the allegations above, Plaintiff Sophia & Chloe seeks judgment against defendants as follows:

1.   An accounting of all profits earned by defendants on the sale of all Infringing Products.

2.   For a constructive trust on all said profits;

3.      For a temporary restraining order, preliminary and permanent injunctions restraining defendants from any further manufacture, purchase, importation, advertisement, distribution, or sale of any Infringing Products, without the consent of plaintiff, and compelling defendants to turn over for impoundment and destruction all Infringing Products and labels, packaging and marketing collateral which picture the Infringing Products;

4.      For compensatory damages according to proof;

5.      For treble damages;

6.      For punitive damages;

7.      For statutory damages;

8.      For attorneys' fees and costs; and

9.      For such other relief as the Court may deem just and proper.

Dated:  January 8, 2014              CHAPIN FITZGERALD LLP


By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Plaintiff
Sophia & Chloe, Inc.

Complaint for Copyright Infringement
*Sophia & Chloe v. Jane Envy, et al.*

## Jury Demand

Plaintiff Sophie & Chloe, Inc. hereby demands a trial by jury for all issues so triable.

DATED:   January 8, 2014                    CHAPIN FITZGERALD LLP


By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Plaintiff
Sophia & Chloe, Inc.