Michael G. Martin (California Bar No. 164867)
Dennis J. Mahoney  (California Bar No. 124428)
**GRAVES & KING LLP**
*Attorneys at Law*
500 North Brand Boulevard, Suite 1850
Glendale, California  91203-4205
(818) 551-1112 / fax (818) 441-0425
*mgmartin@gravesandking.com*
*dmahoney@gravesandking.com*

Attorneys for the Defendant,
JANE ENVY, LLC, and
RUNNING WILD WHOLESALE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA & CHLOE, INC., etc., <br><br> plaintiff, <br><br> vs. <br><br> JANE ENVY, LLC, etc., et al., <br><br> defendants. | Case no. 14-CV-0062-H-BLM <br><br> ANSWER TO COMPLAINT <br><br> ——— <br><br> JURY TRIAL DEMANDED |

COMES NOW the defendants, Jane Envy, LLC, and Running Wild Wholesale, LLC, and answer the complaint of Sophia & Chloe, Inc., in this action as follows:

1.     These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 1 of the complaint and on that basis deny those averments and each such averment severally.

2.     These answering defendants admit the averments of paragraph 2 of the complaint.

3.     Answering Defendant Running Wild denies that its principal place of business is in Ruston, Louisiana.  Rather, Running Wild's principal place of business is in Dubach, Louisiana. These answering defendants admit to all other averments of paragraph 3 of the complaint.

4. These answering defendants admit that this Court has jurisdiction over claims arising under the federal Copyright Act and the Lanham Act, and that the complaint purports to assert such claims. These answering defendants deny that the California state law claims are so closely related to the federal law claims as to warrant the exercise of this Court's supplemental jurisdiction.

5. These answering defendants admit the averments of paragraph 5 of the complaint.

6. These answering defendants deny that any substantial activity relevant to the instant complaint occurred in the Southern District of California.

7. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 7 of the complaint and on that basis deny those averments and each such averment severally.

8. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 8 of the complaint and on that basis deny those averments and each such averment severally.

9. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 9 of the complaint and on that basis deny those averments and each such averment severally.

10. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 10 of the complaint and on that basis deny those averments and each such averment severally.

11. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 11 of the complaint and on that basis deny those averments and each such averment severally.

12. These answering defendants admit that the bracket (or "brace")—{—is a standard typographical symbol, as is demonstrated by its appearance in the character set used by the plaintiff's attorney's word processor. These answering defendants lack sufficient information upon which to admit or to deny the remaining averments of paragraph 12

of the complaint and on that basis deny those averments and each such averment severally.

13. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 13 of the complaint and on that basis deny those averments and each such averment severally.

14. These answering defendants deny that the bracket, a standard typographical symbol, is in any legally cognizable sense "associated with" the plaintiff's business and deny that the said symbol constitutes the plaintiff's "trade dress." These answering defendants lack sufficient information upon which to admit or to deny the remaining averments of paragraph 14 of the complaint and on that basis deny those averments and each such averment severally.

15. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 15 of the complaint and on that basis deny those averments and each such averment severally.

16. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 16 of the complaint and on that basis deny those averments and each such averment severally.

17. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 17 of the complaint and on that basis deny those averments and each such averment severally.

18. These answering defendants lack sufficient information upon which to admit or to deny the averments of paragraph 18 of the complaint and on that basis deny those averments and each such averment severally.

19. These answering defendants deny the averments of paragraph 19 of the complaint and each such averment severally.

20. These answering defendants deny that any of its products is an "infringing product" or infringes any valid copyright or trademark owned by the plaintiff. These answering defendants admit that Jane Envy, LLC, has from time to time sold

merchandise to Running Wild. These answering defendants lack sufficient information upon which to admit or to deny the remaining averments of paragraph 20 of the complaint and on that basis deny those averments and each such averment severally.

21. These answering defendants admit that one of the items depicted in paragraph 21 of the complaint may be of its design and/or manufacture. These answering defendants deny the remaining averments of paragraph 21 of the complaint and each such averment severally.

22. These answering defendants admit that the plaintiff, through its attorneys, made demands upon the defendant. These answering defendants deny the remaining averments of the paragraph 22 of the complaint and each such averment severally.

23. These answering defendants admit that, without any admission of fault or liability, they made reasonable settlement offers to avert the litigation threatened by the plaintiff. These answering defendants deny the remaining averments of paragraph 23 of the complaint and each such averment severally.

24. These answering defendants admit that, without any admission of fault or liability, they made reasonable settlement offers to avert the litigation threatened by the plaintiff. These answering defendants deny the remaining averments of paragraph 24 of the complaint and each such averment severally.

25. These answering defendants deny the averments of paragraph 25 of the complaint and each such averment severally.

26. These answering defendants deny the averments of paragraph 26 of the complaint and each such averment severally.

27. These answering defendants admit that the plaintiff incorporates the cited paragraphs and, in response, the defendant incorporates its admissions and denials as set forth above.

28. These answering defendants deny the averments of paragraph 28 of the complaint and each such averment severally.

///

29. These answering defendants deny the averments of paragraph 29 of the complaint and each such averment severally.

30. These answering defendants deny the averments of paragraph 30 of the complaint and each such averment severally.

31. These answering defendants deny the averments of paragraph 31 of the complaint and each such averment severally.

32. These answering defendants deny the averments of paragraph 32 of the complaint and each such averment severally.

33. These answering defendants deny the averments of paragraph 33 of the complaint and each such averment severally.

34. These answering defendants admit that the plaintiff incorporates the cited paragraphs and, in response, the defendant incorporates its admissions and denials as set forth above.

35. These answering defendants deny the averments of paragraph 35 of the complaint and each such averment severally.

36. These answering defendants deny the averments of paragraph 36 of the complaint and each such averment severally.

37. These answering defendants deny the averments of paragraph 37 of the complaint and each such averment severally.

38. Answering paragraph 38 of the complaint, These answering defendants admit that they have never been authorized by the plaintiff to do anything whatsoever, and deny that they have ever been legally obligated to seek or to obtain any such authorization.

39. These answering defendants deny the averments of paragraph 39 of the complaint and each such averment severally.

40. These answering defendants deny the averments of paragraph 40 of the complaint and each such averment severally.

41. These answering defendants deny the averments of paragraph 41 of the complaint and each such averment severally.

42. These answering defendants deny the averments of paragraph 42 of the complaint and each such averment severally.

43. These answering defendants admit that the plaintiff incorporates the cited paragraphs and, in response, the defendant incorporates its admissions and denials as set forth above.

44. These answering defendants deny the averments of paragraph 44 of the complaint and each such averment severally.

45. These answering defendants deny the averments of paragraph 45 of the complaint and each such averment severally.

46. These answering defendants deny the averments of paragraph 46 of the complaint and each such averment severally.

47. These answering defendants deny the averments of paragraph 47 of the complaint and each such averment severally.

48. These answering defendants deny the averments of paragraph 48 of the complaint and each such averment severally.

49. These answering defendants deny the averments of paragraph 49 of the complaint and each such averment severally.

50. These answering defendants deny the averments of paragraph 50 of the complaint and each such averment severally.

51. These answering defendants deny the averments of paragraph 51 of the complaint and each such averment severally.

52. These answering defendants admit that the plaintiff incorporates the cited paragraphs and, in response, the defendant incorporates its admissions and denials as set forth above.

53. These answering defendants deny the averments of paragraph 53 of the complaint and each such averment severally.

54. These answering defendants deny the averments of paragraph 54 of the complaint and each such averment severally.

## AFFIRMATIVE DEFENSES

55. First Affirmative Defense (Failure to State a Claim): The complaint in this action, and each several claim for relief therein, fail to allege facts sufficient to state a claim upon which relief may be granted against these answering defendants or either of them.

56. Second Affirmative Defense (Non-Infringement): Defendants have not infringed any copyright, trademark or other right of plaintiff.

57. Third Affirmative Defense (Invalidity): Defendants allege that plaintiff's copyright registrations are invalid.

58. Fourth Affirmative Defense (Estoppel): Each of the purported claims alleged in the Complaint is barred, in whole or in part, by the doctrine of estoppel.

59. Fifth Affirmative Defense (Laches): Each of the purported claims alleged in the Complaint is barred, in whole or in part, by the doctrine of laches.

60. Sixth Affirmative Defense (Unclean Hands): Each of the purported claims alleged in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

61. Seventh Affirmative Defense (Waiver/Acquiescence): Each of the purported claims alleged in the Complaint is barred, in whole or in part, because plaintiff, by its acts and omissions and those of its agents, waived, or acquiesced in any claims or causes of action against these defendants and each of them.

62. Eighth Affirmative Defense (Preemption): Each of the purported state claims alleged in the Complaint are barred, in whole or in part, because they are preempted by federal law.

63. Ninth Affirmative Defense (Standing): Each of the purported claims alleged in the Complaint are barred, in whole or in part, because plaintiff lack standing.

64. Tenth Affirmative Defense (No Secondary Meaning): Each of the purported claims alleged in the Complaint are barred, in whole or in part, because plaintiff's trade dress has not acquired secondary meaning.

///

65. Eleventh Affirmative Defense (No Confusion): Each of the purported claims alleged in the Complaint are barred, in whole or in part, because plaintiff's trade dress is not likely to cause consumer confusion.

66. Twelfth Affirmative Defense (Functionality): Each of the purported claims alleged in the Complaint are barred, in whole or in part, because plaintiff's alleged trade dress is functional.

67. Thirteenth Affirmative Defense (Reservation of Additional Defenses): These answering defendants currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. These answering defendants reserves the right to amend its answer to assert additional defenses in the event discovery indicates that they are appropriate

PRAYER

Wherefore These answering defendants prays for judgment in its favor on the complaint of SOPHIA & CHLOE, INC., in this action, and prays that the complaint be dismissed in its entirety and with prejudice, that These answering defendants be dismissed hence with its costs of suit including its reasonable attorneys' fees, and for such other relief as may be just.

Dated: April 18, 2014

GRAVES & KING LLP
*Attorneys at Law*

/s/

By: _____
MICHAEL G. MARTIN
Attorneys for the defendant,
JANE ENVY, LLC and
RUNNING WILD WHOLESALE, LLC

1 | DEMAND FOR JURY TRIAL

2 These answering defendants put themselves upon the country and demand trial
3 of this cause, so far as is required or allowed by applicable law, to a jury of the general
4 vicinage.

6 Dated: April 18, 2014                    GRAVES & KING LLP
                                           *Attorneys at Law*

                                                /s/

                                           By: _____
                                           MICHAEL G. MARTIN
                                           Attorneys for the defendant,
                                           JANE ENVY, LLC and
                                           RUNNING WILD WHOLESALE, LLC

K:\Wp_Docs\MGM\9569\Pleadings\Answer.wpd